**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-38

STATE OF LOUISIANA

VERSUS

RICHARD JAMES ALLEN

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7073-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

************

**ELIZABETH A. PICKETT**
**JUDGE**

************

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

**Hon. John Foster DeRosier**
**District Attorney - 14th JDC**
**P.O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR APPELLANT:**
    **Richard James Allen**

**Pickett, Judge.**

On January 26, 2011, the Defendant, Richard James Allen, pled guilty to second degree robbery, a violation of La.R.S. 14:64.4, and admitted that he violated the terms of his probation, which were previously imposed as a result of other unrelated charges. On August 17, 2011, the trial court revoked the Defendant's probation and ordered that he serve the originally-imposed sentence. The court also sentenced the Defendant on the robbery charge.

On August 19, 2011, the Defendant filed a motion to appeal his robbery conviction and sentence, as well as the court's revocation of his probation, which was granted by the trial court on August 18, 2011. The matters came before this court in separate records, with the instant case being the appeal of the Defendant's probation revocation.

On January 13, 2012, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is non-appealable. The Defendant did not respond.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 912.1. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty (30) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs, nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**